UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DANNY J. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-588 CAN |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On November 30, 2007, Plaintiff Danny J. Smith (Smith) filed his complaint in this Court. On April 21, 2008, Smith filed a motion for summary judgment asking this court to remand this matter to the Commissioner pursuant to 42 U.S.C. § 405(g). On June 2, 2008, Defendant Michael J. Astrue, Commissioner of Social Security (Commissioner), filed his response. On June 19, 2008, Smith filed his reply brief. This Court now enters the following opinion and order based upon the pleadings, filings, and administrative record.

**I.    PROCEDURE**

On February 21, 2003, Smith filed his application for Disability Insurance Benefits and Supplemental Security Income benefits (Tr. 52-54). Smith is insured for Disability Insurance Benefits through December 31, 2004 (Tr. 47). Smith claims he is entitled to benefits pursuant to Title II of the Social Security Act. See 42 U.S.C. §§ 416(i), 423, 1381a.

On August 10, 2005, Smith appeared at a hearing before an Administrative Law Judge (ALJ), claiming disability due to severe back pain resulting from two spinal surgeries and heart problems resulting from two myocardial infarctions and two angioplasties (Tr. 25). The ALJ

1

found that Smith was not disabled (Tr. 28).

Smith appealed the ALJ's decision to the Appeals Council (Tr. 10)  The Appeals Council denied review, and as a result, the ALJ's decision became the Commissioner's final decision (Id.).  20 C.F.R. § 404.981; Fast v. Barnhart, 397 F.3d 468, 470 (7th Cir. 2005).  Consequently, on November 30, 2007, Smith filed a complaint in this Court seeking a review of the ALJ's decision.  This Court may enter a ruling in this matter based on the parties' consent, 28 U.S.C. § 636(c), and 42 U.S.C. § 405(g).

**II.   ANALYSIS**

    A.   Facts

Smith was 46 years old at the time of his hearing before the ALJ (Tr. 62).  Smith has past relevant work as a heavy equipment operator, truck driver, delivery driver, and laborer (Tr. 27, 56).  Smith has not worked since November 7, 2002 (Tr. 52).

        1.   Health History

On December 18, 1996, and May 22, 1997, Smith underwent surgery on his lumbar spine (Tr. 99-120).  In July 2000, Smith suffered a myocardial infarction[1] and underwent angioplasty and stent placement (Tr. 139, 144-47).  On September 30, 2002, Smith went to the emergency room for back pain upon weight bearing, and physical examinations showed lumbar and gluteal tenderness (Tr. 176-78).  On October 31, 2002, Smith received lumbar epidural steroid injections (Tr. 172).  On November 7, 2002, Dr. Roman O. Filipowicz examined Smith finding mild to moderately severe degenerative disc disease with laminectomy, stating that Smith needed surgery on his spine (Tr. 171, 194).

---

[1] Myocardial infarction is an area of tissue necrosis of a segment of heart muscle, usually due to occlusion of a coronary artery, also called heart attack.  Stedman's Medical Dictionary, 968 (28th ed., 2006).

2

On April 2, 2003, Dr. M. Zeitoun, M.D., examined Smith and found that he has a slow moving gait due to low back pain, ability to walk heel to toe and tandemly with mild difficulty, inability to fully stoop or squat, and decreased range of motion in the dorsolumbar[2] spine (Tr. 196-97). Dr. Zeitoun's impression of Smith was that he suffered from status-post lumbar herniated disc, status-post surgery with residual low back pain with left radiculopathy, coronary artery disease, and hypertension (Tr. 196).

On May 29, 2003, Smith underwent a treadmill exercise test, which was negative for ischemia but showed that Smith had poor functional capacity (Tr. 200-01).

On June 11, 2003 , a residual functional capacity (RFC) form was completed by State agency physician, Dr. J. Sands, M.D. (Tr. 222). Dr. Sands found that Smith could lift twenty pounds occasionally, and ten pounds frequently, as well as sit or stand for six hours and push or pull unlimitedly (Tr. 223). Dr. Sands also found that Smith could not climb ladders or ropes and occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl (Tr. 224). Dr. Sands also noted that there was not a treating or examining source statement in the file regarding Smith's physical capacities (Tr. 228).

On July 20, 2003, Smith suffered another myocardial infarction and again underwent angioplasty and stent placement (Tr. 233, 255).

On November 19, 2003, Dr. Teofilo Bautista, M.D., examined Smith and found that he used a cane to walk, was unable and refused to do heel and toe walking or squat (Tr. 268). Dr. Bautista also found muscle spasm and tenderness in the lumbrosacral spinal area, and numbness or tingling in his left leg upon standing (Id.). Dr. Bautista opined that Smith suffered from

---

[2]Dorsolumbar refers to the back in the region of the lower thoracic and upper lumbar vertebrae. Stedman's Medical Dictionary, 580.

coronary artery disease, history of two myocardial infarctions, status-post angioplasty with coronary stent placement in July 2003, status-post lumbar laminectomies in 1997 and 1998, chronic low back pain, degenerative joint disease of lumbosacral spine, and neuropathy of the left leg when standing (Tr. 270).

On January 13, 2004, Smith again underwent a treadmill test, which was stopped due to shortness of breath but it did not indicate ischemia (Tr. 272).

On January 22, 2004, Dr. F. Montoya, M.D., completed another RFC assessment for Smith and found him to be capable of lifting twenty pounds occasionally and ten pounds frequently, able to stand or sit for six hours in an eight hour day, and able to push or pull unlimitedly (Tr. 293-300). Dr. Montoya noted that there was no treating or examining source statement regarding Smith's physical capacities in the file (Tr. 299).

      2.      <u>Hearing Testimony</u>

Smith testified that he suffers from low back pain for which he had two surgeries (Tr. 308). He stated that after his second surgery, Smith did not work for two years, then attempted to return to work, but had to quit after reinjuring his back at work (Tr. 308-10). Smith sought treatment through epidural steroid injections but stopped when they did not work (Tr. 310-11) Smith stated that he did not seek further surgery because he believed it would not be beneficial (Tr. 311). Smith also stated that his leg goes numb after sitting for thirty minutes and standing for ten minutes (<u>Id.</u>). Smith testified that he lies down to relieve pain and pressure (Tr. 312).

Smith also testified that, as result of his heart problems, he has shortness of breath and fatigue daily (Tr. 313).

Smith testified that his daily activities include household chores and reclining frequently

(Tr. 315, 324-25). He stated that he must take a break from his chores every ten to fifteen minutes because of shortness of breath and back pain (Tr. 315). Smith also stated that he cannot sit for more than thirty minutes or ride a lawn mower because of back pain (Id.). Smith stated that he could lift eight pounds, but not all day because of back pain (Tr. 317).

### 3. Vocational Expert Testimony

The vocational expert (VE) testified that an individual with Smith's background and limitations could perform about 3000 unskilled jobs that exist in the national economy (Tr. 319). He also testified that the same individual now limited to sit or stand for thirty minutes at a time could still perform about 100 jobs in the national economy (Tr. 322). The VE stated that someone with Smith's limitations and limited to sedentary unskilled work could perform 1000 jobs existing in the economy (Tr. 322-23). However, if such an individual needed more than one day a month off work, or needed to rest for more than two hours in an eight hour day, then he would not be able to perform any jobs that exist in the national economy (Tr. 323, 325).

### B. Standard of Review

The standard of review for an ALJ's decision is whether it is supported by substantial evidence and free of legal error. See 42 U.S.C § 405(g); Briscoe v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005); Haynes v. Barnhart, 416 F.3d 621, 626 (7th Cir. 2005); Golembiewski v. Barnhardt, 322 F.3d 912, 915 (7th Cir. 2003). Substantial evidence means such relevant evidence as a reasonable mind might accept to support such a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1972). A reviewing court is not to substitute its own opinion for that of the ALJ's or to re-weigh the evidence, but the ALJ must build a logical bridge from the evidence to his conclusion. Haynes, 416 F.3d at 626. An ALJ's decision cannot stand if it lacks evidentiary

support or an adequate discussion of the issues.  Lopez v. Barnhart, 336 F.3d 535, 539 (7th Cir. 2003).  However, an ALJ's legal conclusions are reviewed *de novo*.  Haynes, 416 F.3d at 626.

      C.      Smith's Motion for Summary Judgment or Remand

To be entitled to benefits under 42 U.S.C. §§ 423, 1321a, Smith must establish that he was "disabled."  See 42 U.S.C. § 423(a)(1)(D).  The Social Security Act defines "disability" as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).  The Social Security regulations prescribe a sequential five-part test for determining whether a claimant is disabled.  The ALJ must consider whether: 1) the claimant is presently employed; 2) the claimant has a severe impairment or combination of impairments, 3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity, 4) the claimant's residual functional capacity leaves him unable to perform his past relevant work, and 5) the claimant is unable to perform any other work existing in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920; Briscoe, 425 F.3d at 352.  If the ALJ finds that the claimant is disabled or not disabled at any step, he may make his determination without evaluating the remaining steps.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If there is an affirmative answer at either step three or step five, then there is a finding of disability.  Briscoe, 425 F.3d at 352.  At step three, if the impairment meets any of the severe impairments listed in the regulations, the impairment is acknowledged by the Commissioner.  See 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. app. 1, subpart P, § 404.  However, if the impairment is not so listed, the ALJ assesses the claimant's RFC, which in turn is used to determine whether the claimant can perform her past

work under step four and whether the claimant can perform other work in society under step five. 20 C.F.R. § 404.1520(e).  The claimant bears the burden of proof on steps one through four, but the burden shifts to the Commissioner at step five.  Id.

The ALJ found that Smith has heart and back problems that severely impair his ability to work (Tr. 25).  The ALJ determined that Smith's impairments or combination of impairments were not listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Id.).  The ALJ determined that Smith's RFC allowed him to perform light, unskilled work that does not involve climbing ladders, ropes, or scaffolds (Id.).  The ALJ also determined that Smith can lift twenty pounds occasionally and ten pounds frequently, can sit or stand for a total of six hours, and can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs (Id.).  As a result, the ALJ determined that Smith cannot perform his past relevant work, but can perform jobs that exist in significant numbers in the national economy (Tr. 27).  Consequently, the ALJ determined that Smith was not disabled (Tr. 28).

The issues this Court must resolve are whether the ALJ correctly assessed Smith's RFC based on the medical evidence, whether the ALJ correctly assessed Smith's credibility, and whether the ALJ properly relied on the VE's testimony in his determination.

> 1. The ALJ's determination that Smith's testimony was not fully credible is not supported by substantial evidence.

Because an ALJ is in a special position where he can hear, see, and assess witnesses, his credibility determinations are given special deference, and as a result, his credibility determinations will only be overturned if they are patently wrong.  Jens v. Barnhart, 347 F.3d 209, 213 (7th Cir. 2003).  "Only if the trier of fact grounds his credibility finding in an

7

observation or argument that is unreasonable or unsupported . . . can the finding be reversed." Prochaska v. Barnhart, 454 F.3d 731, 738 (7th Cir. 2006) (citations omitted).  Social Security Ruling 96-7p requires an ALJ to articulate specific reasons in a credibility finding. Golembiewski, 322 F.3d at 915; Steele v. Barnhart, 290 F.3d 936, 942 (7th Cir. 2002).  An ALJ cannot simply state that an individual's allegations are not credible.  Golembiewski, 322 F.3d at 915.  Also, the ALJ may not simply recite the factors that are described in the regulations for evaluating symptoms.  Zurawski v. Halter, 245 F.3d 881, 887 (7th Cir. 2001).  When an ALJ's determinations are based on objective factors rather than subjective considerations, such as the claimant's demeanor, there is greater freedom to review the ALJ's decision.  Clifford, 227 F.3d at 872.  However, an ALJ is not required to provide a "complete written evaluation of every piece of testimony and evidence."  Rice v. Barnhart, 384 F.3d 363, 370 (7th Cir. 2004) (quoting Diaz v. Chater, 55 F.3d 300, 308 (7th Cir. 1995)).

Smith complains that lower back pain from two back surgeries and shortness of breath resulting from two myocardial infarctions impair him to the point of disability.  The ALJ found "Smith's subjective allegations to be not fully credible since they are not consistent with the objective medical evidence nor are they corroborated by any medical opinion of record (Tr. 27)."

The ALJ's explanation is not sufficient.  The ALJ must articulate specific reasons for discrediting Smith's personal allegations of pain.  See  Golembiewski, 322 F.3d at 915.   The ALJ does not articulate what evidence is inconsistent or unsupportive of Smith's testimony.  The ALJ discusses Smith's daily habits and medical history, but fails to articulate his analysis of how or why they support a finding that he is not credible.  Simply put, this Court can only speculate

8

what objective evidence contradicts Smith's claims and how it contradicts them. Thus, the ALJ committed error by not articulating the specific reasons for his finding.

Furthermore, this Court cannot say this error was harmless. Severe pain can be totally disabling. See eg. Carradine v. Barnhart, 360 F.3d 751, 754 (7th Cir. 2004); Zurawski, 245 F.3d at 889. Where the medical signs and findings reasonably support a claimant's complaints of pain, the ALJ cannot merely ignore the claimant's allegations. Zurawski, 245 F.3d at 887-88.[3] For example, the record reveals that Smith has had two myocardial infarctions, two angioplasties, and two surgeries on his lumbar spine (Tr. 99-120, 139, 144-47, 233, 255). This objective medical evidence supports Smith's claims of back pain and shortness of breath rather than contradict them. Yet, the ALJ does not discuss this evidence in relation to Smith's testimony. In fact, the ALJ's opinion does not mention any objective medical evidence that contradicts Smith's claims of shortness of breath or back pain. Furthermore, the ALJ does not discuss any other factors that might support his credibility determination.

An ALJ's opinion cannot stand without an adequate discussion of the issues. See Green, 51 F.3d at 101; Herron, 19 F.3d at 333. This Court stresses that it will not simply rubber stamp an ALJ's decision without carefully reviewing the record. Clifford, 227 F.3d at 869. Without more explanation, this Court cannot say the ALJ's opinion that Smith was not credible is supported by substantial evidence. The ALJ has failed to articulate specific reasons for his

---

[3] If an ALJ finds that an allegation of pain is not supported by the objective medical evidence in the record, and if the claimant still indicates that pain is a significant factor of his or her alleged disability, then the ALJ must obtain detailed description of the claimant's daily activities by directing specific inquires about the pain and its effects on the claimant. Zurawski, 245 F.3d at 887; 20 C.F.R. § 404.1529(a)-(c). Moreover, the ALJ must investigate all avenues presented that relate to pain, including prior work information, observations by treating physicians, observations by examining physicians, and observations by third parties. 20 C.F.R. § 404.1529(a)-(c). The ALJ must consider factors of pain, precipitation and aggravating factors, dosage and effectiveness of pain medications, other treatment for relief of pain, functional restrictions, and the claimant's daily activities. Id.

9

credibility determination. Consequently, the ALJ's credibility determination is not supported by substantial evidence.

> 2. The ALJ's conclusion regarding Smith's physicians' opinions is not supported by substantial evidence.

Smith also argues that the ALJ improperly ignored the findings of his treating and examining physicians and improperly relied on the State Agency physicians' opinions. This Court will first address Smith's argument regarding his treating physicians.

Only a treating physician's opinion is entitled to controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and consistent with other substantial evidence in the record. Hofslien v. Barnhart, 439 F.3d 375, 376 (7th Cir. 2006). However, a physician is not a treating physician unless he or she has an ongoing relationship with the claimant. White v. Barnhart, 415 F.3d 654, 658 (7th Cir. 2005). An ongoing relationship is one in which "the medical evidence establishes that you see or have seen the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for . . . medical condition(s)." 20. C.F.R. § 404.1502. More weight is generally given to the opinion of a treating physician because he is more familiar with the claimant's conditions and circumstances. 20 C.F.R. § 404.1527(d)(2); Clifford v. Apfel, 227 F.3d 863, 870 (7th Cir. 2000). An ALJ is entitled to reject a non-treating physician's opinions in favor of other physicians' opinions and evidence in the record. Haynes, 416 F.3d at 631.

Smith does not have any treating physicians because he did not have an ongoing relationship with any physician. White, 415 F.3d at 658. Smith visited Dr. Filipowicz at most twice in thirteen months (Tr. 14-20, 171, 194). Smith only once visited Drs. Zeitoun, Sands,

10

Bautista, and Montoya (Tr. 196-97, 222-28, 268-70, 293-300).  One or two visits in thirteen months is not enough to establish an ongoing relationship.  Because these physicians were not treating physicians, the ALJ was not required to indicate why he did not assign controlling weight to these physicians' opinions, and essentially it was his decision how much weight to apportion to these physicians.

Because Smith's physicians were not treating physicians, all the ALJ was required to do was build a logical bridge from the evidence to his conclusion.  However, the ALJ still must not simply ignore relevant medical evidence that supports the claimant's allegations.  Dixon v. Massanari, 270 F.3d 1171, 1177 (7th Cir. 2001).  The ALJ stated, ". . . it is reasonable to assign great weight to the uncontradicted State Agency opinion since it is consistent with the objective medical evidence of record (Tr. 27)."  Based on the record before this Court, this statement without more explanation is insufficient.

Smith's medical history shows that he has had two myocardial infarctions, two angioplasties, and two lumbar spine surgeries (Tr. 99-120, 139, 144-47, 233, 255).  Smith's claims of disability are based on impairments caused by heart problems and severe back pain resulting from these events.  This evidence is relevant because these conditions could be expected to cause the impairments of which Smith complains.  Yet, the ALJ does not address the evidence.  Instead, the ALJ concludes without any discussion of the relevant medical evidence that the State Agency physician's opinion is consistent with the evidence.  There may be evidence that supports the ALJ's conclusion, but the ALJ does not discuss it.  The ALJ does not articulate whether he considered Smith's relevant medical evidence, and as a result, this Court can only assume that he ignored it.

11

More importantly, it is crucial that the ALJ address this evidence because it directly contradicts his statement in adopting the State Agency physician's opinions. The ALJ adopted the State Agency opinion which said that Smith could lift twenty pounds occasionally and ten pounds frequently, that Smith could sit, stand or walk for six hours each in an eight-hour period (Tr. 223, 293-300). However, the record shows that Smith had severe back pain and shortness of breath that impaired his ability to perform these functions (Tr. 196-97, 200-01, 268-70, 272). Because the record directly contradicts the ALJ's conclusion, it is critical that the ALJ articulate whether the he considered evidence of Smith's medical history, discuss it, and explain his conclusion. Because he did none of these things, the ALJ has failed to support his conclusion with substantial evidence. Diaz, 55 F.3d at 307.

> 3. The ALJ improperly relied on the VE's testimony based on an improper evaluation of Smith's RFC.

When posing hypotheticals to a VE, the regulations require that the ALJ consider the combined effects of a claimant's impairments. 20 U.S.C. § 404.1523. To the extent the ALJ relies on the testimony from a VE, the question posed to the expert must incorporate all relevant limitations from which the claimant suffers in order to accurately gauge how many jobs are available to the claimant in the national economy. Young v. Barnhart, 362 F.3d 995, 1003 (7th Cir. 2004).

As discussed previously, the ALJ improperly failed to evaluate all of the relevant medical evidence regarding Smith's RFC. The ALJ's presentation of questions to the VE was based on an improper RFC assessment. As a result, the ALJ's reliance on the VE's testimony regarding the availability of jobs must be revisited on remand.

**III.     CONCLUSION**

The ALJ's determination that Smith was not credible is not supported by substantial evidence.  In addition, the ALJ's determination that the State Agency opinion receive controlling weight is not supported by substantial evidence.  Therefore, Smith's request for remand is **GRANTED** [Doc. No. 14] and this case is **REVERSED** and **REMANDED** to the Commissioner for proceedings consistent with this opinion pursuant to sentence four (4) of 42 U.S.C. § 405(g).  The clerk is instructed to term the case.

**SO ORDERED**.
Dated this 29th Day of July, 2008.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge